CLD-044                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3118
_____

KHARY JAMAL ANCRUM,
                          Appellant

v.

RONNIE HOLT
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:11-cv-01420)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 16, 2012

Before:  RENDELL, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 4, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

       Khary Ancrum, a federal inmate presently confined at USP Canaan in Waymart,

Pennsylvania and proceeding pro se, appeals from an order of the United States District

Court for the Middle District of Pennsylvania dismissing his habeas corpus petition

pursuant to 28 U.S.C. § 2241. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

Because we primarily write for the parties, we need only recite the facts necessary for our discussion. After a disciplinary hearing, Ancrum was found guilty of a violation of Code 113—Possession of Any Narcotics Not Prescribed for the Individual by Medical Staff. The Disciplinary Hearing Officer ("DHO") sanctioned Ancrum with the loss of forty days of good conduct time; sixty days of disciplinary segregation; loss of visiting privileges for four years followed by four years of restricted visiting; loss of commissary privileges for two years; impound of personal property for two years; and loss of telephone and email privileges for three years.

After exhausting his administrative remedies, Ancrum filed his § 2241 petition on July 27, 2011. In his petition, Ancrum claims that the DHO violated his procedural due process rights by not discussing in his report the reliability of confidential inmate witness statements used to find him guilty of the violation. On May 14, 2012, a Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Ancrum's petition be dismissed. On July 16, 2012, the District Court adopted the R&R and dismissed Ancrum's petition. Specifically, the District Court noted that Ancrum received the minimum due process required when a DHO relies upon testimony from confidential informants. Ancrum then timely filed this appeal.

2

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam); see also United States v. Friedland, 83 F.3d 1532, 1542 (3d Cir. 1996) ("Our review of the district court's order denying . . . relief under 28 U.S.C. § 2241 is plenary."). Section 2241 is the appropriate vehicle for constitutional claims when a prison disciplinary proceeding results in the loss of good time credits, Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam), and a certificate of appealability is not required to appeal the denial of a § 2241 petition, Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). We may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Federal prisoners have a liberty interest in statutory good time credits. Wolff v. McDonnell, 418 U.S. 539, 557 (1974); see also 18 U.S.C. § 3624(b)(1); Vega v. United States, 493 F.3d 310, 317 n.4 (3d Cir. 2007). Accordingly, when a prisoner's disciplinary hearing may result in a loss of good time credits, "the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

When a disciplinary decision relies upon statements from confidential informants, minimum due process requires the following:

3

> "(1) (T)he record must contain some underlying factual information from which the (tribunal) can reasonably conclude that the informant was credible or his information reliable; (2) the record must contain the informant's statement (written or as reported) in language that is factual rather than conclusionary and must establish by its specificity that the informant spoke with personal knowledge of the matters contained in such statement."

Helms v. Hewitt, 655 F.2d 487, 502 (3d Cir. 1981) (quoting Gomes v. Travisono, 510 F.2d 537, 540 (1st Cir. 1974)), rev'd on other grounds, Hewitt v. Helms, 459 U.S. 460 (1983). "The record" contains both the evidence presented during the disciplinary hearing and the investigative report. Henderson v. Carlson, 812 F.2d 874, 879 (3d Cir. 1987). However, "a prison disciplinary committee need not reveal at a disciplinary hearing evidence bearing on the reliability of confidential informants if prison officials believe that such evidence is capable of revealing the identity of the informants and if the evidence is made available to the court for *in camera* review." Id. at 880.

The District Court properly dismissed Ancrum's § 2241 petition. After our *in camera* review of the record, particularly the Bureau of Prisons' ("BOP") investigative report, we conclude that the first prong of Helms was met. Corroboration of witness testimony is one indicia of reliability, and three confidential inmate informants presented corroborating information regarding Ancrum's prior heroin sales in prison. See Mendoza v. Miller, 779 F.2d 1287, 1293 (7th Cir. 1985) (noting that corroborating testimony can establish the reliability of confidential informant testimony).[1] Furthermore, the BOP

---

[1] Mendoza noted that the reliability of confidential informants can also be established by:

4

investigative report meets the second prong of <u>Helms</u>. Each confidential informant provided information regarding personal knowledge of Ancrum's distribution of heroin within USP Canaan. Specifically, the informants described personal purchases of heroin from Ancrum and details regarding Ancrum's methods of receiving and distributing the heroin. Although we agree with the District Court that a better practice would have been for the DHO to include a finding of reliability in his decision, we are confident that Ancrum received the minimum due process required under <u>Helms</u>.

Nevertheless, Ancrum argues that he is entitled to relief because the Magistrate Judge explicitly stated that the DHO had not complied with 28 C.F.R. § 541.8(f)(6). 28 C.F.R. § 541.8(f)(6) states that the "DHO may consider evidence provided by a confidential informant (CI) that the DHO finds reliable." BOP Program Statement 5270.08 states that when a DHO bases a disciplinary decision on information gathered from confidential informants, the "DHO shall document, ordinarily in the hearing report, the finding as to the reliability of each confidential informant relied on and the factual basis for that finding." While the BOP is required to follow its own regulations, <u>see</u>

---

> (1) the oath of the investigating officer as to the truth of his report containing confidential information and his appearance before the disciplinary committee . . .; (3) a statement on the record by the chairman of the disciplinary committee that he had firsthand knowledge of the sources of information and considered them reliable on the basis of their past record of credibility. . .; or (4) *in camera* review of material documenting the investigator's assessment of the credibility of the confidential informant.

779 F.2d at 1293 (internal citations and quotation marks omitted).

5

Wilson v. U.S. Parole Com'n, 193 F.3d 195, 200 (3d Cir. 1999), such error is harmless because our analysis above assures us that Ancrum received the minimum due process required under Helms for using information gathered from confidential informants, see Elkin v. Fauver, 969 F.2d 48, 53 (3d Cir. 1992) (noting that harmless error analysis applies to cases concerning prison disciplinary proceedings).

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.